O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER ANDREW W.,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 5:21-cv-01237-KES<br><br>MEMORANDUM OPINION AND ORDER |

**I.**

**BACKGROUND**

In September 2019, Plaintiff Roger Andrew W. ("Plaintiff") applied for disability insurance benefits ("DIB") alleging a disability onset date of September 9, 2018, when he was 61 years old. Administrative Record ("AR") 176. On December 30, 2020, an Administrative Law Judge ("ALJ") conducted a telephonic hearing at which Plaintiff, who was represented by counsel, testified along with a vocational expert ("VE"). AR 32-81.

On February 18, 2021, the ALJ issued an unfavorable decision. AR 12-31. The ALJ found that Plaintiff suffered from numerous severe medically determinable impairments ("MDIs") mostly involving heart failure, diabetes, and degenerative joint changes. AR 18. Despite these MDIs, the ALJ found that

Plaintiff had the residual functional capacity ("RFC") to perform sedentary work with some additional restrictions.  AR 20.

Plaintiff holds a bachelor's degree in forestry, a master's degree in business administration, and a degree in environmental science.  AR 50, 214.  The VE identified Plaintiff's past relevant work as that of a forester, Dictionary of Occupational Titles ("DOT") 040.167-010, and a county agricultural agent, DOT 096.127-010.[1]  AR 69-70.  The VE testified that Plaintiff had acquired transferrable job skills from this past work, including knowledge "in agricultural areas, budget planning, planning forecasting, and project management."  AR 72.

The ALJ asked the VE, "Are there jobs utilizing transferrable skills with very little, if any, vocational adjustment in terms of tools, work processes, work settings, or the industry?"  AR 75.  The VE answered, "I believe there are."  AR 75.  The VE then identified several jobs as responsive to the ALJ's question, including the job of project director, DOT 189.117-030.  AR 76.  When the ALJ asked the VE to add restrictions consistent with a sedentary RFC, the VE answered, "The only job I can offer … is a project director."  AR 77-78.

Relying on this testimony, the ALJ found at step five of the sequential evaluation process that Plaintiff could work as a project director, a job with 29,821 positions available nationally.  AR 25.  The ALJ concluded that Plaintiff was not disabled.  AR 26.

## II.
## ISSUES PRESENTED

This appeal presents the sole issue of "whether the ALJ's step 5 finding is contrary to law and supported by substantial evidence."  (Dkt. 20, Joint Stipulation ["JS"] at 4.)  Plaintiff contends that "a finding that a claimant can perform other

---

[1] Plaintiff described his past position as a "resource manager for the Department of Agriculture."  AR 220.

2

work while using transferable skills at step 5 requires that the jobs under consideration must only use skills the claimant actually obtained in prior work and … not require any additional skills." (JS at 5.)  Plaintiff further contends that the VE never testified that the project director job would not require "any additional skills" beyond those Plaintiff had acquired through his past work.  (JS at 7.) Plaintiff argues that without such testimony, there is "no evidence" to support "the ALJ's necessary finding that the position of 'project director' requires 'no additional skills.'"[2]  (JS at 7.)

## III.
## DISCUSSION

A. **Rules for Assessing Transferable Skills and Applying the Grids.**

The DIB regulations define transferrable job skills and set forth findings that an ALJ must make before relying on transferrable skills to find that a claimant of advanced age is not disabled, as follows:

> (d) Skills that can be used in other work (transferability) – (1) What we mean by transferable skills.  We consider you to have skills that can be used in other jobs, when the skilled or semi-skilled work activities you did in past work can be used to meet the requirements of skilled or semi-skilled work activities of other jobs or kinds of work.  This depends largely on the similarity of occupationally significant work activities among different jobs.
>
> (2) How we determine skills that can be transferred to other jobs. Transferability is most probable and meaningful among jobs in which—

---

[2] Plaintiff bases his argument on (1) the Social Security Administration ("SSA") bearing the burden of proof at step five and (2) an alleged absence of evidence to support the ALJ's finding.  Plaintiff does not identify any skill required to work as a project manager and argue, based on evidence, that he lacks that skill.

      (i)    The same or a lesser degree of skill is required;

      (ii)   The same or similar tools and machines are used; and

      (iii)  The same or similar raw materials, products, processes, or services are involved.

(3) Degrees of transferability. There are degrees of transferability of skills ranging from very close similarities to remote and incidental similarities among jobs. A complete similarity of all three factors is not necessary for transferability. However, when skills are so specialized or have been acquired in such an isolated vocational setting (like many jobs in mining, agriculture, or fishing) that they are not readily usable in other industries, jobs, and work settings, we consider that they are not transferable.

(4) Transferability of skills for persons of advanced age. ***If you are of advanced age (age 55 or older), and you have a severe impairment(s) that limits you to sedentary or light work, we will find that you cannot make an adjustment to other work unless you have skills that you can transfer to other skilled or semiskilled work*** (or you have recently completed education which provides for direct entry into skilled work) that you can do despite your impairment(s). We will decide if you have transferable skills as follows. If you are of advanced age and you have a severe impairment(s) that limits you to no more than sedentary work, ***we will find that you have skills that are transferable to skilled or semiskilled sedentary work only if the sedentary work is so similar to your previous work that you would need to make very little, if any, vocational adjustment in terms of tools, work processes, work settings, or the industry.*** (See 20 C.F.R. § 404.1567(a) and § 201.00(f) of appendix 2.)

20 C.F.R. § 404.1568(d) (emphasis added).

The citation to "appendix 2" is a citation to the Medical-Vocational Guidelines, often called the "grids." 20 C.F.R. Part 404, Subpart P, App. 2. The grids "present, in table form, a short-hand method for determining the availability and numbers of suitable jobs for a claimant" at the fifth step of the sequential evaluation process. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). The grids, however, may not fully apply where a claimant has non-exertional limitations, such as postural or mental limitations. Id. at 1115. "Where a claimant suffers from both exertional and non-exertional limitations, the ALJ must consult the grids first." Id. If the grids direct a finding of disability, then that finding must be accepted by the ALJ, but if the grids direct a finding of non-disability, then the claimant's non-exertional limitations must be examined separately. Id. at 1116.

Here, Plaintiff cites 20 C.F.R. § 404, Subpt. P, App. 2, Rule 201.00(f). (JS at 6.) This general provision mirrors the above-cite emphasized language from 20 C.F.R. § 404.1568(d) and states, "In order to find transferability of skills to skilled sedentary work for individuals who are of advanced age (55 and over), there must be very little, if any, vocational adjustment required in terms of tools, work processes, work settings, or the industry."

The more specific grid rule that would apply to Plaintiff is Grid Rule 201.07, because he is limited to sedentary work, of advanced age, has a high school education or more, and has transferrable job skills.[3] Grid Rule 201.07 directs a

---

[3] Plaintiff seems to argue that the grids also require his skills be readily transferable to a "significant range" of jobs. (JS at 6.) In making this argument, Plaintiff appears to be relying on the grid rule for claimants limited to light work discussed in Lounsburry. There is no similar requirement in Grid Rule 201.07. See Tommasetti v. Astrue, 533 F.3d 1036, 1043-44 (9th Cir. 2008) (declining "to extend Lounsburry's definition of 'significant range,' which pertains to a light work analysis under Rule 202.00(c)" to a case "which involves a sedentary work analysis under Rule 201.07" because a "plain reading of Rule 201.07 makes clear that it is not augmented by Rule 202.00(c), the specific text which was the driving consideration in Lounsburry").

finding of "not disabled," but the ALJ did not rely on the grids to make step five findings, because Plaintiff has non-exertional limitations. Instead, the ALJ considered the VE's testimony before finding Plaintiff not disabled. AR 25-26.

### B. **Analysis of Claimed Error.**

Per the above-cited authorities, the ALJ was not required to find that the project director job requires "no additional skills." See also Social Security Ruling ("SSR") 82-41(4) (directing consideration of whether the claimant's prior work and the proposed new work involve "the same or a lesser degree of skill," not exactly the same skills). The ALJ merely needed to find that (1) Plaintiff had skills transferable to skilled or semiskilled sedentary work, and (2) the proposed sedentary work (i.e., the project manager job) is "so similar" to Plaintiff's previous work that Plaintiff would need to make "very little, if any, vocational adjustment in terms of tools, work processes, work settings, or the industry." 20 C.F.R. § 404.1568(d).

Here, the ALJ found that Plaintiff "has acquired work skills from his past relevant work that are transferable to other occupations …." AR 26. Those "pertinent job skills" were identified as "planning, forecasting, project management skills." AR 25, citing AR 80. The ALJ found that Plaintiff's "previous work is so similar to the jobs recited above [i.e., the project manager job] that [Plaintiff] would need to make very little, if any, vocational adjustment in terms of tools, work processes, work settings, or the industry." AR 26. The ALJ cited the VE's testimony as the basis for this finding. AR 26, citing AR 78.

Thus, the ALJ made the requisite factual findings, and the VE gave sufficient testimony to support those findings. The ALJ was not required to find – and did not find – that the project manager job required the same skills that Plaintiff used in his previous work. "Importantly, alternate work does not mean identical work …." Ray v. Comm'r of SSA, 2020 U.S. Dist. LEXIS 215497, at *12 (D. Ariz. Nov. 18, 2020) (upholding ALJ's finding that the claimant could

perform alternative, sedentary work that required "very little, if any, vocation adjustment" based on the VE's testimony). The "very little, if any" adjustment requirement is a "qualitative description of how much adjustment a claimant of advanced age may be required to endure" and can be satisfied even if several months of vocational adjustment are needed, presumably months that would be spent learning some new skills, albeit minor ones. Solomon v. Comm'r of SSA, 376 F. Supp. 3d 1012, 1019 (D. Ariz. 2019) (collecting cases).

To the extent Plaintiff argues that the evidence leaves open the possibility that the project manager job would require major additional skills that Plaintiff does not possess (or in other words, require more than "very little" vocational adjustment), that possibility is logically foreclosed by the VE's testimony. The VE expressly testified that Plaintiff could work as a project manager with "very little, if any, vocational adjustment." AR 78. As discussed above, that is what the regulations require. The VE's testimony means that Plaintiff would not need to learn major additional skills to work as a project manager, while still allowing for *some* vocational adjustment, albeit "very little." If the job of project manager required Plaintiff to learn additional skills beyond those consistent with "very little" vocational adjustment, then the VE could not have affirmatively answered the ALJ's hypothetical question.

The ALJ *does* state in his written opinion that he asked the VE "if any occupations exist which could be performed by an individual with the same age, education, past relevant work experience, and residual functional capacity as the claimant, and which would require skills acquired in the claimant's past relevant work **but no additional skills**." AR 25 (emphasis added). But in fact, the ALJ asked the VE to consider "only jobs … utilizing transferrable skills where there would be very little, if any, vocational adjustment in terms of tools or processes, work settings, or the industry." AR 73; see also AR 75 and 78 (repeating the question with this same phrasing). The ALJ never asked the VE about jobs

7

requiring "no additional skills." While the Court acknowledges the discrepancy between the ALJ's description of the hearing in the decision and the hearing transcript, the Court finds this discrepancy harmless, because the applicable legal standards do not require the ALJ to find that proposed alternative jobs require "no additional skills." See Luis E. v. Kijakazi, No. CV 20-9016-KK, 2021 U.S. Dist. LEXIS 166262, at *13 (C.D. Cal. Aug. 31, 2021) (finding same error harmless).

## IV.
## CONCLUSION

For the reasons stated above, IT IS ORDERED that Judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits.

DATED: August 11, 2022

_____
KAREN E. SCOTT
United States Magistrate Judge